IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BMO Harris Bank N.A., ) | |
| ) | Case No. 20-cv-00740 |
| Plaintiff, ) | |
| ) | Hon. Charles P. Kocoras |
| v. ) | |
| ) | |
| KMH Systems, Inc., ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION TO (I) APPROVE ALL DISTRIBUTIONS, PROFESSIONAL COMPENSATION, AND OTHER DISBURSEMENTS ON A FINAL BASIS; (II) DISCHARGE THE RECEIVER; (III) DISMISSS THE CASE; AND (IV) GRANT RELATED RELIEF[1]**

NOW COME BMO Harris Bank N.A., plaintiff herein ("**BMO**") and Sandor Jacobson, not individually, but as interim receiver (the "**Receiver**") for KMH Systems, Inc. ("**KMH**"), and jointly move for an order of Court: (i) approving all distributions, professional compensation, and other disbursements by the Receiver on a final basis; (ii) discharging and releasing the Receiver from his duties and responsibilities as a receiver herein; (iii) dismissing the above-captioned case (the "**Receivership Case**") without prejudice; and (iv) granting related relief (the "**Joint Motion**"). In support of the Joint Motion, BMO and the Receiver respectfully state as follows:

**I.     INTRODUCTION**

1.     After a lengthy and sometimes tumultuous journey, the Receivership Case is now ready to be dismissed. The business of KMH is no longer active, and its recoverable and saleable assets have been liquidated. And most recently, facilitated by the Receiver and the Court, BMO

---

[1] Per the Court's statements at the most recent hearing in this case, this Joint Motion may be granted in chambers without a hearing absent a timely filed objection

1146371_2                                                                                                                              1

entered into a global settlement agreement with several individuals and entities related to transfers of KMH's property prior to the commencement of the Receivership Case.

2. By this Joint Motion, BMO and Receiver request dismissal of the Receivership Case, as well as several measures intended to close out the administration of the case and ensure finality. Such measures include approving all disbursements made by the Receiver on a final basis; remitting the residual balance of receivership funds to BMO (subject to an obligation to pay the Receiver and his counsel reasonable fees and expenses for the month of June 2021); finding that the Receiver and his retained professionals have faithfully discharged their duties and responsibilities; discharging the Receiver from further duties and responsibilities; permitting the Receiver to return the books, records, and other documents of KMH to the company's officers; re-vesting all remaining property of the receivership estate in KMH; and lifting the injunctions entered by the Court at the inception of the receivership.

## II. BACKGROUND

3. In the interest of economy, this Joint Motion assumes familiarity with KMH and the events of the Receivership Case as related in detail in the *Receiver's Initial Report* (ECF No. 30, the "**Initial Receiver Report**"); the *Receiver's Auction Report* (ECF No. 45, the "**Auction Report**"); the *Receiver's Second Report* (ECF No. 54) (collectively with the Initial Receiver Report and the Auction Report, the "**Receiver Reports**," all of which are incorporated herein by express reference); and other filings in the Receivership Case. The following section, therefore, is intended only as a broad-strokes summary of the state of affairs prior to the inception of the Receivership Case; the major events of the receivership; and the current status of KMH and its assets, including a summary of all receipts and disbursements, and assets held, by the Receiver through the date of the filing of this Joint Motion.

4.     Under its original business model, KMH operated from locations in seven states nationwide, buying, selling, installing, leasing, servicing, and repairing commercial-grade forklifts (and other material-handling equipment used for similar purposes). KMH's operations were financed by several secured and unsecured lenders, including BMO, which in 2017 made a loan to KMH in the initial principal amount of seven million dollars ($7,000,000.00), secured by a blanket lien on KMH's property.

5.     In 2018, KMH transferred three of its four operating divisions, and significant assets attendant thereto, to newly created entities owned by insiders of KMH, leaving KMH a shell of its former self (the "**Spinoffs**"). Notwithstanding this transfer, KMH and the newly created entities continued to operate under the same roof, with essentially the same employees and management.

6.     BMO commenced the Receivership Case in January 2020, citing in its Complaint KMH's inability to satisfactorily operate and manage its business or to maintain and preserve BMO's collateral. *See* ECF No. 1. On March 3, 2020, the Court entered an order appointing the Receiver as interim receiver for KMH. (ECF No. 17, the "**Order Appointing Receiver**.") The Order Appointing Receiver granted the Receiver a number of enumerated powers, including the authority to supplant KMH's possession and control of its property; to liquidate such property for the benefit of KMH's creditors; to pay himself and his retained professionals without further order of Court (subject to monthly submission of itemized fee statements to BMO); and to investigate KMH's assets and pre-receivership activities. *See id*. ¶ 4.

7.     The Order Appointing Receiver also imposed injunctions on KMH, its officers and employees, and third parties. These injunctions forbid, among other things, interference with the Receiver's exclusive control and possession of the property of KMH, and the

commencement, prosecution, or enforcement of lawsuits, liens, and other claims against KMG or its property. *See id.* ¶ 5.

8. While assisted by the powers and injunctions granted to him by the Court, the Receiver faced severe headwinds in his administration and investigation of KMH and its assets, including the ongoing COVID-19 pandemic; the generally disorganized state of KMH's business operations, including poor recordkeeping and a failure to observe corporate formalities; resistance and delayed responses from certain parties subpoenaed by the Receiver; and the inconsistent cooperation and reliability of KMH's leadership.

9. The Receiver doggedly overcame these obstacles to discharge his duties and responsibilities in the Receivership Case. He liquidated all machinery, equipment insurance policies, and other assets of KMH, including conducting an auction sale confirmed by the Court. *See Order Confirming Auction Sale*, ECF No. 52. He investigated KMH's assets, including the identification of potential causes of action resulting from the Spinoffs. And most recently, he acted as a mediator and lead negotiator to facilitate the successful (though somewhat unconventional) settlement of claims related to the Spinoffs. *See Mot. of Receiver to (1) Approve Settlement Process; (2) Approve Form of Notice of Settlement to All Creditors; (3) Set Hearing Date for Consideration of Entry of Final Order Approving Settlement; and (4) Grant Other and Further Relief as Warranted*, ECF No. 75.

10. Attached hereto as **Exhibit A** is a summary of all receipts and disbursements by the Receiver over the course of the Receivership Case (the "**Receipt and Disbursement Summary**"). As is reflected therein, BMO advanced a considerable amount of funding toward the administrative expenses of the receivership estate. In February 2021, with Court approval, the Receiver distributed to BMO $225,000, on a provisional basis, out of the proceeds of BMO's collateral. Otherwise, all disbursements by the Receiver to date have been to pay administrative

expenses, including professional compensation. As of the date of the filing of this Joint Motion, the Receiver is still holding approximately $157,000 in receivership funds.[2]

### III. RELIEF REQUESTED

11. The bare closing of the Receivership Case *could* be accomplished by the entry of a mere docket entry or minute order. But such a resolution would leave a number of questions open to interpretation, such as: (a) which of several injunctions entered in the Receivership Case remain in effect, and which are lifted; (b) who has custody of the books, records, and other documents of KMH, and who may destroy them after an appropriate period; (c) how to disburse the residual balance of receivership funds; and (d) how will the Receiver and his counsel be paid after the Receiver loses custody of those receivership funds.

12. It is possible that interested parties might interpret (and misinterpret) those and similar questions, requiring the Court and other parties to expend resources to provide clarification at an indefinite point in the future. BMO and the Receiver submit that the better approach—at least in this case—is to provide unequivocal guidance about what is meant by the closure of the Receivership Case and the discharge of the Receiver. Consequently, by this Joint Motion, BMO and the Receiver request that the Court enter an order substantially in the form attached hereto as **Exhibit B** (the "**Proposed Order**").

13. The Proposed Order essentially contains three overarching forms of relief (with other, related, relief included to provide clarification and ensure finality): (a) approval of all distributions, professional compensation, and other disbursements by the Receiver on a final basis; (b) discharge of the Receiver; and (c) dismissal of the Receivership Case.

---

[2] This amount does not include an erroneous credit of $90,000 to the receivership bank account by BMO on May 17, 2021. As of the date of the filing of this Joint Motion, the Receiver and BMO are working together to reverse this credit.

1146371_2 5

### A. Final Approval of Disbursements

14. The Receiver's disbursements in the Receivership Case, through the date of the filing of this Joint Motion, are set forth in the Receipt and Disbursement Summary. As that summary indicates, the majority of disbursements were made to the Receiver and his counsel for their fees and expenses. The Order Appointing Receiver allowed such fees and expenses (and all other expenses of the receivership estate) to be paid without court order, so long as itemized fee statements were submitted to BMO on a monthly basis.

15. Other than professional fees, the Receiver's disbursements have included insurance expenses, noticing agent fees, bank fees, and the charges of an auctioneer retained to sell assets of KMH, all of which BMO and the Receiver submit were necessary expenditures. While the Order Appointing Receiver granted the Receiver considerable discretion in the retention and payment of third parties, the Receiver has endeavored, in the interest of efficiency, to keep such expenses to a minimum. Additionally, as authorized by the Court, the Receiver made a provisional distribution of $225,000 to BMO from the proceeds of its collateral, to which no party objected.

16. BMO and the Receiver request final approval of all disbursements set forth in the Receipt and Disbursement Summary. Additionally, out of logistical necessity, BMO and the Receiver request final approval of disbursements that have not yet occurred as of the date this Joint Motion is filed, namely: (a) payment, by the Receiver, of the reasonable compensation and expenses of the receivership estate incurred or accruing in the month of May 2021, including professionals' fees; (b) payment, by the Receiver, of the reasonable expenses of the receivership estate incurred or accruing in the month of June 2021; (c) remittance of all remaining receivership funds held by the Receiver to BMO upon entry of an order on this Joint Motion; and

(d) payment by BMO of all reasonable fees and expenses of the Receiver and his counsel incurred or accruing in June 2021.

17. BMO and the Receiver submit that the proposed final approval of disbursements as set forth in the Receipts and Disbursements Summary, and the further proposed disbursements to BMO, the Receiver, and the Receiver's professionals, comport with the overarching directive that distributions in a federal equity receivership be "fair and reasonable." *SEC v. Wealth Mgmt. LLC*, 628 F.3d 323, 333 (7th Cir. 2010) (applying this principle to a proposed plan of distribution). The disbursements to the Receiver and his counsel by BMO also comport with the maxim that "administrative expenses of a receivership are given priority over a vested lien." *United States v. Kensington Shipyard & Drydock Corp.*, 187 F.2d 709, 716 (3d Cir. 1951).

18. Practically speaking, the Proposed Order serves to answer the logistical question of who, once the Receiver is discharged and the Receivership Case is dismissed, is responsible for paying the necessary fees and expenses of the Receiver and the Receiver's counsel in the month of June 2021. As the Proposed Order states, once the Receiver and the Receiver's counsel have finalized and invoiced their June 2021 fees and expenses, BMO will promptly pay such fees and expenses, provided they are reasonable. And, should a dispute arise over the reasonableness of such fees, the Court reserves jurisdiction to adjudicate it.

      **B.**     **Discharge of the Receiver**

19. BMO and the Receiver request the entry of an order releasing and discharging the Receiver from his duties and responsibilities in the Receivership Case. Assuming that the Court is satisfied with the Receiver's efforts and his accounting of receipts and disbursements in the Receivership Case, the Receiver is entitled to such release and discharge. *See People of Puerto Rico v. Bank of Nova Scotia*, 116 F.2d 379, 381 (1st Cir. 1940) ("There being no further occasion

for continuance of the receivership, and the receiver having fully accounted, he was entitled to his discharge and the cancellation of his bond.").

20. In connection with this discharge, BMO and the Receiver request that the Court find that the Receiver and his retained professionals (when acting in their capacities as such) have fully discharged their duties in the Receivership Case, whether arising under the Order Appointing Receiver or otherwise, and have not committed any act of willful malfeasance or gross negligence in connection with the Receivership Case. This order, too, merely implements a longstanding principle of federal equity receiverships: that those who take issue with a receiver's acts must timely raise their objection, and cannot do so after the receiver is discharged. *See Texas & Pac. Ry. Co v. Manton*, 164 U.S. 636, 640-41 (1897); *cf. Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 276 (9th Cir. 1964).

21. After his discharge, the Receiver will, in all likelihood, still be holding books, records, and other documents furnished to him by KMH and its representatives (collectively, "**KMH Documents**"). It is unknown whether the management of KMH will request such documents, but the Proposed Order would permit the Receiver, in his discretion, to respond to such a request by the appropriate parties. The Proposed Order would also direct the Receiver retain these documents for one (1) year after the entry of the Proposed Order, and thereafter permit the Receiver to destroy, or otherwise dispose of, the documents.

  C. <u>**Dismissal of the Receivership Case**</u>

22. Neither BMO nor the Receiver has the authority, unilaterally, to dismiss the Receivership Case. Under the applicable federal rule, "[a]n action in which a receiver has been appointed may be dismissed only by court order." Fed. R. Civ. P. 66. But as discussed herein in more detail, both BMO and the Receiver have, in conformity with procedural requirements, requested that the Court dismiss the Receivership Case without prejudice.

23. The Proposed Order further clarifies that all injunctions arising solely under the Order Appointing Receiver shall be lifted and of no further force or effect. Such injunctions were, as the Court will likely agree, intended to facilitate the receivership process, and not to remain as a permanent encumbrances on these assets. There remain, however, several injunctions as set forth in the Proposed Order and the orders it references.

IV. **NOTICE**

24. BMO and the Receiver have provided notice of the Joint Motion, in substantially the form attached as **Exhibit C** hereto. BMO and the Receiver intend to mail this notice, in substantially the same form, to all known creditors of KMH, provided that, upon receipt of an "undeliverable" mail receipt, KMH shall have no further responsibility to determine the name and/or address of the sender. BMO and the Receiver request a finding, in accordance with the immediately foregoing paragraph, that the notice contained in Exhibit C is adequate and sufficient under the circumstances.

V. **CONCLUSION**

For the foregoing reasons, BMO and the Receiver jointly request that the Court enter an order consistent with the relief requested herein, substantially in the form attached hereto as Exhibit B.

Respectfully submitted,

BMO HARRIS BANK N.A.

By: /s/ James P. Sullivan
      One of its attorneys

SANDOR JACOBSON, not individually, but as interim receiver for KMH Systems, Inc.

By: /s/ Adam P. Silverman
      One of his attorneys

James P. Sullivan, Esq. (ARDC #6256746)
CHAPMAN AND CUTLER LLP
111 W. Monroe
Chicago, Illinois 60603
tel. (312) 845-3000
fax (312) 516-1445
**Counsel for BMO Harris Bank N.A.**

Adam P. Silverman, Esq. (ARDC #6256676)
Alexander F. Brougham, Esq. (ARDC #6301515)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
tel (312) 435-1050
fax (312) 435-1059
**Counsel for the Receiver**

# Exhibit A to

*Joint Motion to (I) Approve All Distributions, Professional Compensation, and Other Disbursements on a Final Basis; (II) Discharge the Receiver; (III) Dismiss the Case; and (IV) Grant Related Relief:*

**"Receipt and Disbursement Summary"**

**KMH SYTSTEMS**
**Receivership Actuals Cash Basis***

| | Month # | Actual 1 | Actual 2 | Actual 3 | Actual 4 | Actual 5 | Actual 6 | Actual 7 | Actual 8 | Actual 9 | Actual 10 | Actual 11 | Actual 12 | Actual 13 | Actual 14 | Actual 15 | Actual 16 | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Month | 3/1/20 | 4/1/20 | 5/1/20 | 6/1/20 | 7/1/20 | 8/1/20 | 9/1/20 | 10/1/20 | 11/1/20 | 12/1/20 | 1/1/21 | 2/1/21 | 3/1/21 | 4/1/21 | 5/1/21 | 6/1/21 | |
| 1 | Opening Cash Balance | $ - | $ 28,816 | $ 19,552 | $ 48,426 | $ 48,169 | $ 48,022 | $ 110,516 | $ 353,674 | $ 419,692 | $ 393,838 | $ 383,226 | $ 383,181 | $ 158,106 | $ 157,709 | $ 157,095 | $ 156,961 | $ - |
| 2 | **Cash Receipts** | | | | | | | | | | | | | | | | | |
| 3 | AR collections | 28,816 | 8,442 | 2,621 | 497 | 4,598 | 9,803 | 13,476 | 1,340 | 1,387 | | | | | 161 | | | 71,142 |
| 4 | Life insurance CSV | | | | | | 65,818 | | 39,546 | | | | | | | | | 105,364 |
| 5 | Vehicle sale | | 9,000 | | | | | | | | | | | | | | | 9,000 |
| 6 | Huntington Bank close out | | | 6,858 | | | | | | | | | | | | | | 6,858 |
| 7 | IRS refund | | | | 4,590 | | | | | | | | | | | | | 4,590 |
| 8 | Nexen lift sale proceeds | | | | | | | 35,980 | 26,388 | 4,831 | | | | | | | | 67,199 |
| 9 | Auction proceeds Maynards | | | | | | | 162,671 | | | | | | | | | | 162,671 |
| 10 | BMO funding for administrative expenses | | 58,263 | 97,180 | 68,245 | 60,876 | 49,712 | 62,755 | 45,670 | 59,711 | 60,523 | 52,605 | 38,447 | 38,853 | 36,357 | 38,139 | | 767,335 |
| 11 | Other misc. receipts | | 9 | | | | | 31,519 | | | | | | | | | | 31,528 |
| 12 | **Total Cash Receipts** | 28,816 | 75,714 | 106,659 | 73,332 | 65,474 | 125,334 | 306,400 | 112,943 | 65,930 | 60,523 | 52,605 | 38,447 | 38,853 | 36,517 | 38,139 | - | 1,225,687 |
| 13 | **Cash Disbursements** | | | | | | | | | | | | | | | | | |
| 14 | Receiver fees (Plante Moran) | | 49,671 | 34,843 | 26,923 | 29,319 | 22,781 | 30,184 | 15,725 | 19,966 | 19,895 | 25,164 | 21,456 | 15,499 | 11,550 | 6,588 | | 329,563 |
| 15 | Receiver counsel fees (Adelman & Gettleman) | | 22,910 | 39,426 | 41,323 | 31,557 | 26,932 | 32,571 | 29,945 | 39,745 | 40,628 | 27,442 | 16,991 | 23,354 | 24,807 | 31,552 | | 429,181 |
| 16 | Insurance (GL) | | | 665 | 137 | 137 | 657 | | | | | | | | | | | 1,596 |
| 17 | Noticing agent fees (BMC Group) | | 910 | 242 | 4,232 | 1,488 | 11,885 | | 767 | 578 | 88 | | 75 | 397 | 774 | 125 | | 21,560 |
| 18 | Precision Accounting (BR by the hour) | | 2,828 | 2,535 | 975 | 3,120 | 585 | 488 | 488 | | | | | | | | | 11,018 |
| 19 | Bank fees | | 68 | 74 | | | | | | | | | 45 | | | | | 187 |
| 20 | Maynards Equipment Appraisal | | 8,591 | | | | | | | | | | | | | | | 8,591 |
| 21 | Nexen Settlement Payment | | | | | | | | | | 31,495 | | | | | | | 31,495 |
| 22 | Miscellaneous / IT | | | | | | | | | | | | 10,525 | | | 9 | | 10,534 |
| 23 | Secured Creditor Paydown - BMO | | | | | | | | | | | | | 225,000 | | | | 225,000 |
| 24 | **Total Cash Disbursements** | - | 84,977 | 77,785 | 73,589 | 65,621 | 62,839 | 63,242 | 46,924 | 91,784 | 71,135 | 52,650 | 263,522 | 39,250 | 37,131 | 38,273 | - | 1,068,725 |
| 25 | Ending Cash Balance | $ 28,816 | $ 19,552 | $ 48,426 | $ 48,169 | $ 48,022 | $ 110,516 | $ 353,674 | $ 419,692 | $ 393,838 | $ 383,226 | $ 383,181 | $ 158,106 | $ 157,709 | $ 157,095 | $ 156,961 | $ 156,961 | 156,961 |

* Amounts do not reflect an erroneous credit of $90,000 to receivership bank account by BMO Harris Bank N.A. on 5/17/21, which, as of the filing of the Joint Motion, is in the process of being reversed.

# Exhibit B to

*Joint Motion to (I) Approve All Distributions, Professional Compensation, and Other Disbursements on a Final Basis; (II) Discharge the Receiver; (III) Dismiss the Case; and (IV) Grant Related Relief:*

**"Proposed Order"**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BMO Harris Bank N.A., ) | |
| ) | Case No. 20-cv-00740 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Hon. Charles P. Kocoras |
| KMH Systems, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER: (I) APPROVING ALL DISTRIBUTIONS, PROFESSIONAL COMPENSATION, AND OTHER DISBURSEMENTS ON A FINAL BASIS; (II) DISCHARGING THE RECEIVER; (III) DISMISSING THE CASE; AND (IV) GRANTING RELATED RELIEF**

THIS CAUSE coming to be heard on the *Joint Motion to: (I) Approve All Distributions, Professional Compensation, and Other Disbursements on a Final Basis; (II) Discharge the Receiver; (III) Dismiss the Case; and (IV) Grant Related Relief* (the "**Joint Motion**"), filed jointly by BMO Harris Bank N.A. ("**BMO**") and Sandor Jacobson (the "**Receiver**"), not individually, but as interim receiver for KMH Systems, Inc. ("**KMH**"); the Court having jurisdiction over the parties to, and the subject matter of, the Joint Motion; the Court having considered the Joint Motion and having heard the statements of counsel on the record; and the Court being otherwise fully advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Joint Motion is hereby granted as provided herein.

2. The Court hereby approves, on a final basis, the Receiver's disbursements of funds of the receivership estate as set forth in Exhibit A to the Joint Motion, including all professional compensation and expenses, plus payment of reasonable compensation and expenses incurred or accruing in the month of May 2021 and any reasonable expenses incurred or accruing in the month of June 2021 prior to the date of this Order.

3. The Receiver's payment of $225,000 to BMO of receivership funds constituting proceeds of the collateral of BMO, approved on a provisional basis by an order of the Court entered on February 3, 2021 [ECF No. 68], is hereby approved on a final basis.

4. Notwithstanding the discharge of the Receiver as set forth in this Order and the dismissal of the above-captioned case (the "**Receivership Case**"), the Receiver is authorized and directed, in a timely manner upon the entry of this Order, to pay the balance of receivership estate funds in his possession or control as of the date of this Order (the "**Residual Receivership Funds**") to BMO, on a final basis, on account of BMO's funding of the administrative expenses of the receivership estate, and also BMO's security interests in the property liquidated to generate such Residual Receivership Funds.

5. Notwithstanding the discharge of the Receiver as set forth in this Order and the dismissal of the Receivership Case, BMO is hereby authorized and directed to pay, from the Residual Receivership Funds, the reasonable compensation and expenses of the Receiver and counsel for the Receiver incurred or accruing in the month of June 2021, in a timely manner upon receipt of invoices for such compensation and expenses. The Court reserves jurisdiction to adjudicate any disputes over the reasonableness of such fees and expenses. Upon payment by BMO, such compensation and expenses shall be deemed approved on a final basis.

6. The Court hereby finds that the Receiver, and the Receiver's retained professionals when acting in their capacities as such, have faithfully discharged their duties and responsibilities under that certain *Order Appointing Receiver* entered by the Court as ECF No. 17 on March 3, 2020 (the "**Order Appointing Receiver**") and the applicable laws pertaining to receivers and their retained professionals, and have not committed any act of willful malfeasance or gross negligence in connection therewith. The acts and conduct of the Receiver in the performance of his duties and responsibilities are hereby ratified and confirmed.

7. Immediately upon entry of this Order, the Receiver shall be forever discharged and released from all of his duties and responsibilities as receiver for KMH, whether arising pursuant to the Order Appointing Receiver or otherwise; provided, however, that notwithstanding such discharge and release, the Receiver shall remain authorized and directed to comply with the provisions of this Order.

8. The Receiver is authorized, but not directed, in his sole discretion, to turn over to Michael Guenin, Thomas Godfrey, and/or Brian Ritchey, any books, records, or other documents delivered to him by KMH or its representatives (collectively, "**KMH Documents**"), whereupon the Receiver shall have no duty to preserve such KMH Documents. The Receiver shall preserve all KMH Documents not turned over by the Receiver in accordance with the foregoing sentence for a period of one (1) year following entry of this Order, at the conclusion of which the Receiver shall be authorized, but not directed, to destroy or otherwise dispose of all such KMH Documents, without the need for further act, deed, or order of Court.

9. The Receivership Case is hereby dismissed without prejudice, subject to the terms of this Order.

10. Upon dismissal of the Receivership Case, all remaining property of the receivership estate that the Receiver has not sold, distributed, or otherwise disposed of, excepting only the Residual Receivership Funds and the KMH Documents, shall be revested in KMH.

11. Upon dismissal of the Receivership Case, all injunctions arising under the Order Appointing Receiver shall be lifted and of no further force or effect. All other orders or injunctions entered in the Receivership Case, including those set forth in this Order; the *Order Confirming Auction Sale* [ECF No. 52]; and the *Order: (I) Approving Settlement Process; (II) Authorizing Receiver to Forbear from Enforcing Rights Related to Spinoffs; (III) Authorizing Release of Such Rights Upon Satisfaction of Settlement; (IV) Enjoining Enforcement of Such*

*Rights by Other Parties; and (V) Granting Related Relief* [ECF No. 86] shall survive the discharge of the Receiver and the dismissal of the Receivership Case pursuant to the terms hereof, and shall remain in full force and effect.

12. The *Notice of Joint Motion to (I) Approve All Distributions, Professional Compensation, and Other Disbursements on a Final Basis; (II) Discharge the Receiver; III Dismiss the Case; and (IV) Grant Related Relief* attached as Exhibit C to the Joint Motion is hereby approved, and the mailing of such notice as described in the Joint Motion is deemed to have been adequate and sufficient notice to grant the relief provided herein.

13. The Court reserves exclusive jurisdiction to modify, supplement, interpret, and enforce this Order and any other order entered in the Receivership Case.

ENTERED:

Dated: June ___, 2021
Chicago, Illinois

The Honorable Charles P. Kocoras
United States District Judge

This order prepared by:
ADAM P. SILVERMAN, ESQ. (ARDC #6256676)
ALEXANDER F. BROUGHAM, ESQ. (ARDC #6301515)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
**Counsel for the Receiver**

# <u>Exhibit C</u> to

*Joint Motion to (I) Approve All Distributions, Professional Compensation, and Other Disbursements on a Final Basis; (II) Discharge the Receiver; (III) Dismiss the Case; and (IV) Grant Related Relief:*

"**Notice of the Joint Motion**"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BMO Harris Bank, N.A., | ) | |
| | ) | Case No. 20-cv-00740 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Hon. Charles P. Kocoras |
| KMH Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**NOTICE OF JOINT MOTION TO (I) APPROVE ALL DISTRIBUTIONS, PROFESSIONAL COMPENSATION, AND OTHER DISBURSEMENTS ON A FINAL BASIS; (II) DISCHARGE THE RECEIVER; (III) DISMISS THE CASE; AND (IV) GRANT RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on March 3, 2020, Sandor Jacobson (the "**Receiver**") was appointed by the United States District Court for the Northern District of Illinois (the "**Court**"), in the above-captioned case, as the interim receiver for KMH Systems, Inc. ("**KMH**"), on the motion of secured creditor BMO Harris Bank N.A. ("**BMO**").

**PLEASE TAKE FURTHER NOTICE** that, on June 7, 2021, the Receiver and BMO filed with the Court that certain *Joint Motion to (I) Approve All Distributions, Professional Compensation, and Other Disbursements on a Final Basis; (II) Discharge the Receiver; (III) Dismiss the Case; and (IV) Grant Related Relief* (the "**Joint Motion**"). A copy of the Joint Motion may be obtained by contacting counsel for the Receiver at the telephone number or address indicated below.

**PLEASE TAKE FURTHER NOTICE** that an order granting the Joint Motion may, among other things, (a) terminate any rights or claims against the Receiver; (b) finalize all disbursements by the Receiver, including the payment of residual receivership funds to BMO; (c) forever discharge and release the Receiver and his counsel from all further responsibilities in such roles, with a finding that they have faithfully discharged their duties in the above-captioned case (the "**Receivership Case**"); (d) dismiss the Receivership Case without prejudice; and (e) preserve the effectiveness of all orders and injunctions entered in the Receivership Case, with the exception of those orders and injunctions contained in the *Order Appointing Receiver* [ECF No. 17].

**PLEASE TAKE FURTHER NOTICE** that the deadline to object to the Joint Motion is June 17, 2021 (the "**Objection Deadline**"). If you do not file a written objection to the Joint Motion on or before the Objection Deadline, then your right to object to the Joint Motion may be <u>lost forever</u>, and the relief requested in the Joint Motion may be granted by the Court in chambers, on a permanent basis, without a hearing.

      **PLEASE TAKE FURTHER NOTICE** that additional information about the Joint Motion and the conduct and affairs of the Receiver and the Receivership Case may be obtained from counsel for the Receiver at the address listed below.  Note, however, that counsel for the Receiver cannot provide you with legal advice.

                                            SANDOR JACOBSON,
                                            as receiver for KMH Systems, Inc.

Dated: June 7, 2021                              By: /s/  Adam P. Silverman
                                                     One of his attorneys

ADAM P. SILVERMAN, ESQ. (ARDC #6256676)
ALEXANDER F. BROUGHAM, ESQ. (ARDC #6301515)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Blvd., Suite 1050
Chicago, Illinois 60604
Tel (312) 435-1050
Fax (312) 435-1059
asilverman@ag-ltd.com
abrougham@ag-ltd.com
**Counsel for the Receiver**