IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BMO Harris Bank N.A., | ) | |
| | ) | Case No. 20-cv-00740 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Hon. Charles P. Kocoras |
| KMH Systems, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER: (I) APPROVING ALL DISTRIBUTIONS, PROFESSIONAL COMPENSATION, AND OTHER DISBURSEMENTS ON A FINAL BASIS; (II) DISCHARGING THE RECEIVER; (III) DISMISSING THE CASE; AND (IV) GRANTING RELATED RELIEF**

THIS CAUSE coming to be heard on the *Joint Motion to: (I) Approve All Distributions, Professional Compensation, and Other Disbursements on a Final Basis; (II) Discharge the Receiver; (III) Dismiss the Case; and (IV) Grant Related Relief* (the "**Joint Motion**"), filed jointly by BMO Harris Bank N.A. ("**BMO**") and Sandor Jacobson (the "**Receiver**"), not individually, but as interim receiver for KMH Systems, Inc. ("**KMH**"); the Court having jurisdiction over the parties to, and the subject matter of, the Joint Motion; the Court having considered the Joint Motion and having heard the statements of counsel on the record; and the Court being otherwise fully advised in the premises;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.  The Joint Motion is hereby granted as provided herein.

2.  The Court hereby approves, on a final basis, the Receiver's disbursements of funds of the receivership estate as set forth in Exhibit A to the Joint Motion, including all professional compensation and expenses, plus payment of reasonable compensation and expenses incurred or accruing in the month of May 2021 and any reasonable expenses incurred or accruing in the month of June 2021 prior to the date of this Order.

3. The Receiver's payment of $225,000 to BMO of receivership funds constituting proceeds of the collateral of BMO, approved on a provisional basis by an order of the Court entered on February 3, 2021 [ECF No. 68], is hereby approved on a final basis.

4. Notwithstanding the discharge of the Receiver as set forth in this Order and the dismissal of the above-captioned case (the "**Receivership Case**"), the Receiver is authorized and directed, in a timely manner upon the entry of this Order, to pay the balance of receivership estate funds in his possession or control as of the date of this Order (the "**Residual Receivership Funds**") to BMO, on a final basis, on account of BMO's funding of the administrative expenses of the receivership estate, and also BMO's security interests in the property liquidated to generate such Residual Receivership Funds.

5. Notwithstanding the discharge of the Receiver as set forth in this Order and the dismissal of the Receivership Case, BMO is hereby authorized and directed to pay, from the Residual Receivership Funds, the reasonable compensation and expenses of the Receiver and counsel for the Receiver incurred or accruing in the month of June 2021, in a timely manner upon receipt of invoices for such compensation and expenses. The Court reserves jurisdiction to adjudicate any disputes over the reasonableness of such fees and expenses. Upon payment by BMO, such compensation and expenses shall be deemed approved on a final basis.

6. The Court hereby finds that the Receiver, and the Receiver's retained professionals when acting in their capacities as such, have faithfully discharged their duties and responsibilities under that certain *Order Appointing Receiver* entered by the Court as ECF No. 17 on March 3, 2020 (the "**Order Appointing Receiver**") and the applicable laws pertaining to receivers and their retained professionals, and have not committed any act of willful malfeasance or gross negligence in connection therewith. The acts and conduct of the Receiver in the performance of his duties and responsibilities are hereby ratified and confirmed.

7. Immediately upon entry of this Order, the Receiver shall be forever discharged and released from all of his duties and responsibilities as receiver for KMH, whether arising pursuant to the Order Appointing Receiver or otherwise; provided, however, that notwithstanding such discharge and release, the Receiver shall remain authorized and directed to comply with the provisions of this Order.

8. The Receiver is authorized, but not directed, in his sole discretion, to turn over to Michael Guenin, Thomas Godfrey, and/or Brian Ritchey, any books, records, or other documents delivered to him by KMH or its representatives (collectively, "**KMH Documents**"), whereupon the Receiver shall have no duty to preserve such KMH Documents. The Receiver shall preserve all KMH Documents not turned over by the Receiver in accordance with the foregoing sentence for a period of one (1) year following entry of this Order, at the conclusion of which the Receiver shall be authorized, but not directed, to destroy or otherwise dispose of all such KMH Documents, without the need for further act, deed, or order of Court.

9. The Receivership Case is hereby dismissed without prejudice, subject to the terms of this Order.

10. Upon dismissal of the Receivership Case, all remaining property of the receivership estate that the Receiver has not sold, distributed, or otherwise disposed of, excepting only the Residual Receivership Funds and the KMH Documents, shall be revested in KMH.

11. Upon dismissal of the Receivership Case, all injunctions arising under the Order Appointing Receiver shall be lifted and of no further force or effect. All other orders or injunctions entered in the Receivership Case, including those set forth in this Order; the *Order Confirming Auction Sale* [ECF No. 52]; and the *Order: (I) Approving Settlement Process; (II) Authorizing Receiver to Forbear from Enforcing Rights Related to Spinoffs; (III) Authorizing Release of Such Rights Upon Satisfaction of Settlement; (IV) Enjoining Enforcement of Such*

*Rights by Other Parties; and (V) Granting Related Relief* [ECF No. 86] shall survive the discharge of the Receiver and the dismissal of the Receivership Case pursuant to the terms hereof, and shall remain in full force and effect.

12. For the avoidance of doubt, nothing in this Order is intended to waive or compromise (i) any claims, causes of action, or rights Solar Eclipse Fund IX or its affiliated entities ("**Fund IX**") may have or hold against Michael Guenin or KMH, including, without limitation, claims, causes of action or enforcement and collection rights in connection with the *December 9, 2019 Judgment Entry Adopting Magistrate's Decision*, or (ii) any claims, causes of action, or rights related to mobile solar generator units owned by Fund IX and leased to KMH, including, without limitation, the right to retrieve and collect such units, all of which are expressly preserved.

13. The amended *Notice of Joint Motion to (I) Approve All Distributions, Professional Compensation, and Other Disbursements on a Final Basis; (II) Discharge the Receiver; III Dismiss the Case; and (IV) Grant Related Relief* filed as ECF No. 88 is hereby approved, and the mailing of such notice as described in the Joint Motion is deemed to have been adequate and sufficient notice to grant the relief provided herein.

14. The Court reserves exclusive jurisdiction to modify, supplement, interpret, and enforce this Order and any other order entered in the Receivership Case.

ENTERED:

Dated: June 17th, 2021
Chicago, Illinois

*Charles P. Kocoras*
The Honorable Charles P. Kocoras
United States District Judge